**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STANLEY E. KORNAFEL,     :  <br>     Plaintiff,             : <br>                              : <br>     v.                     : <br>                              : <br>DEL CHEVROLET, *et al.*,  : <br>     Defendants.            : | CIVIL ACTION NO. 20-CV-4991 |

**MEMORANDUM**

**JONES, J.**                                                                                              **DECEMBER 14, 2020**

This is the third lawsuit that *pro se* Plaintiff Stanley E. Kornafel has filed concerning his purchase of a car from Del Chevrolet and state court litigation relating to the car. He seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Kornafel leave to proceed *in forma pauperis* and dismiss his Complaint. The Court will also direct Kornafel to show cause as to why he should not be enjoined from filing further duplicative lawsuits.

**I.    FACTUAL ALLEGATIONS AND LITIGATION HISTORY**

As noted above, this is the third lawsuit Kornafel has filed in this Court about the same subject matter. In his first lawsuit, *Kornafel v. Del Chevrolet*, Civil Action Number 18-1419, Kornafel raised claims based on allegedly unfair proceedings in state court regarding his dispute with Del Chevrolet and its owner, Jack Delvecchio, over an allegedly defective car Kornafel purchased from the dealership in 2015. In an April 11, 2018 Memorandum and Order, the Court granted Kornafel leave to proceed *in forma pauperis* and dismissed his complaint. *Kornafel v. Del Chevrolet*, Civ. A. No. 18-1419, 2018 WL 1768048, at *1 (E.D. Pa. Apr. 11, 2018), *aff'd*, 734 F. App'x 175 (3d Cir. 2018). The Court concluded that: (1) to the extent Kornafel was challenging the state court's final judgment, the Court lacked jurisdiction to review that judgment pursuant to the *Rooker-Feldman* doctrine; (2) to the extent Kornafel brought claims

under 42 U.S.C. § 1983, he did not invoke the Court's jurisdiction because neither Del Chevrolet nor Delvecchio are state actors; and (3) to the extent Kornafel brought claims under state law, he had not pled a basis for jurisdiction under 28 U.S.C. § 1332(a).  *Id.* at *2-*3.  Kornafel appealed, and the United States Court of Appeals for the Third Circuit affirmed the Court's judgment of dismissal.  *Kornafel v. Del Chevrolet*, 734 F. App'x 175, 177 (3d Cir. 2018) (per curiam).

In his second lawsuit, *Kornafel v. Del Chevrolet*, Civil Action Number 19-2783, Kornafel sued Del Chevrolet and Judge James P. MacElree, II, essentially based on allegations that they conspired to deprive Kornafel of his rights in connection with the underlying state court litigation about the car, primarily because Judge MacElree granted summary judgment in favor of Del Chevrolet.  In a June 28, 2019 Memorandum and Order, the Court granted Kornafel leave to proceed *in forma pauperis* and dismissed his complaint.  *Kornafel v. Del Chevrolet*, Civ. A. No. 19-2783, 2019 WL 2764396, at *1 (E.D. Pa. June 28, 2019), *aff'd*, 788 F. App'x 895 (3d Cir. 2020).  The Court concluded that: (1) to the extent Kornafel was again challenging the state court's final judgment, the Court lacked jurisdiction to review that judgment pursuant to the *Rooker-Feldman* doctrine; (2) Kornafel's claims were to some extent malicious and barred by *res-judicata*; (3) Kornafel failed to allege an unconstitutional conspiracy, such that Del Chevrolet could not be considered a state actor for purposes of § 1983; (4) Judge MacElree was entitled to absolute immunity from Kornafel's claims; and (5) the Court could not discern any other basis for a plausible claim.  *Id.* at *2.  Kornafel appealed and the Third Circuit affirmed.  *Kornafel v. Del Chevrolet*, 788 F. App'x 895, 897 (3d Cir. 2020) (per curiam).

Prior to issuance of the Third Circuit's mandate, Kornafel filed a motion to reopen the judgment in his second case pursuant to Federal Rule of Civil Procedure 60(b).  In an October 6, 2020 Memorandum and Order, the Court denied the motion because Kornafel failed to establish

a basis for vacating the Court's judgment and, rather, mostly challenged the Court's legal conclusions.  *See Kornafel v. Del Chevrolet*, Civ. A. No. 19-2783, 2020 WL 5909567, at *2 (E.D. Pa. Oct. 6, 2020).

On October 5, 2020, the day before the Court denied his 60(b) motion, Kornafel filed his third complaint concerning the state court litigation about his purchase of the car from Del Chevrolet and Delvecchio.  (*See* ECF No. 1.)  Kornafel names as Defendants Del Chevrolet, Jack Delvecchio and Judge McElree.  He titled his pleading "criminal complaint."  (*Id.* at 1.)[1] Although Kornafel's allegations are not entirely clear, and he invokes numerous statutes and cases without clear explanation, the Court understand Kornafel to be claiming that he was deprived of his rights in the state court litigation in part because the Defendants conspired against him.[2]  Kornafel appears to be seeking relief in the form of a trial on the claims that were before the state court.  (*Id.* at 8.)

## II.   STANDARD OF REVIEW

The Court will grant Kornafel leave to proceed *in forma pauperis* because it appears that he is not capable of pre-paying the fees to commence this civil action.  Because Kornafel has been granted leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if, among other things, it is frivolous or malicious.  A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is deemed legally baseless if it is "based on an indisputably meritless legal theory."  *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).  "A court that considers

---

[1] The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

[2] Kornafel also suggests that the federal courts incorrectly resolved his prior litigation.  Those allegations do not support any basis for a claim against the Defendants.  Furthermore, as noted above, Kornafel had an opportunity to challenge this Court's judgments on appeal.

whether an action is malicious must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant." *Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995). In that regard, "a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. A. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012). As Kornafel is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III.   DISCUSSION

Kornafel's Complaint fails for numerous reasons. There is no legal basis for this Court to direct the filing of criminal charges, to the extent Kornafel seek to bring a "criminal complaint" against the Defendants. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (explaining that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 n.1 (3d Cir. 2013) (per curiam) ("[T]here is no federal right to require the government to initiate criminal proceedings."); *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 636 (E.D. Pa. 2014) ("[F]ederal courts lack the power to direct the filing of criminal charges."), *aff'd*, 572 F. App'x 68 (3d Cir. 2014) (per curiam).

To the extent Kornafel's Complaint can be liberally construed to raise claims pursuant to 42 U.S.C. § 1983 due to the constitutional references contained therein, his claims fail for the same reason they failed in his second lawsuit. First, pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Based on that principle, the *Rooker-Feldman* doctrine deprives a federal district court of

jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 166 (quotations omitted). "[T]here are four requirements that must be met for the *Rooker-Feldman* doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Id.* To the extent Kornafel claims he was harmed by Judge MacElree's unfavorable judgment and asks the Court to vacate Judge MacElree's grant of summary judgment so Kornafel may proceed to trial, the Court lacks jurisdiction over his claims.

Second, to the extent Kornafel asserts claims within the Court's jurisdiction, they may be dismissed as malicious because they duplicate the claims raised in his second lawsuit. Kornafel's second lawsuit raised claims against the same defendants or their privies based on the same underlying factual matter. His appeal of the dismissal in that case was unsuccessful, as was his effort to vacate the judgment of dismissal. It appears that Kornafel filed this lawsuit to resurrect his previously dismissed claims under the guise of a criminal complaint. That Kornafel's allegations were unsuccessful the first time does not permit him to reassert duplicative or additional claims in a new lawsuit. Accordingly, his Complaint may be dismissed as malicious. *See Brown v. City of Philadelphia Office of Human Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (per curiam) ("[T]he District Court did not err in dismissing Brown's complaint as malicious because it duplicates the allegations of his prior lawsuits." (citing *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993))).

Third, Kornafel has not adequately alleged an unconstitutional conspiracy. "[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred." *Great W. Mining & Mineral Co*, 615 F.3d at 178. "[A] bare assertion of conspiracy will not suffice." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "'A conspiracy cannot be found from allegations of judicial error, ex parte communications (the manner of occurrence and substance of which are not alleged) or adverse rulings absent specific facts demonstrating an agreement to commit the alleged improper actions.'" *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009) (per curiam) (quoting *Crabtree v. Muchmore*, 904 F.2d 1475, 1480-81 (10th Cir. 1990)). Here, Kornafel appears to be alleging that Judge MacElree conspired with Del Chevrolet and Delvecchio, because he lost in state court. However, "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Dennis v. Sparks*, 449 U.S. 24, 28 (1980). Accordingly, Kornafel has not pled a plausible conspiracy claim. For the same reasons, he has not adequately pled that Del Chevrolet or Delvecchio could be considered a state actor for purposes of § 1983. *See Kornafel*, 788 F. App'x at 896 ("To the extent Kornafel's claims are not barred by the *Rooker-Feldman* doctrine, we agree for the reasons stated by the District Court that Kornafel fails to allege facts stating a plausible conspiracy claim, or showing that Del Chevrolet is a state actor for purposes of § 1983." (internal citations omitted)).

Fourth, Judge MacElree is entitled to absolute immunity from Kornafel's § 1983 claims because judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). "Although 'absolute judicial immunity extends

only to claims for damages,' *Larsen v. Senate of the Commonwealth*, 152 F.3d 240, 249 (3d Cir. 1998), to the extent Kornafel seeks injunctive relief, 'in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.'" *Kornafel*, 788 F. App'x at 896-97 (quoting 42 U.S.C. § 1983).  Nothing in Kornafel's Complaint plausibly suggests that this exception applies here.

## IV.     CONCLUSION

For the foregoing reasons, Kornafel's Complaint is dismissed.  Any claims over which this Court lacks jurisdiction are dismissed without prejudice and the remaining claims are dismissed with prejudice.  Kornafel is not given leave to file an amended complaint because amendment would be futile.

This Court previously warned Kornafel that he could be subjected to filing restrictions if he filed duplicative lawsuits.  *See Kornafel*, Civ. A. No. 19-2783, 2019 WL 2764396, at *3.  Notably, Kornafel has a history of filing repeated lawsuits about the same subject matter, such that the Court has already had to enjoin him from filing duplicative lawsuits in another context.  *See Kornafel v. U.S. Postal Serv.*, Civ. A. No. 20-4503 (E.D. Pa.) (Oct. 5, 2020 Order).  Given this history, the Court's order of dismissal also requires Kornafel to show cause why he should not be enjoined from filing further lawsuits against Del Chevrolet, Delvecchio, or Judge MacElree raising claims based on the car he purchased in 2015 and related state court litigation about the car.[3]

---

[3] Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), a district court may enjoin "abusive, groundless, and vexatious litigation." *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993); *see also In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982).  The "broad scope" of this power is limited by "two fundamental tenets of our legal system — the litigant's rights to due process and access to the courts." *Brow*, 994 F.2d at 1038.  The Third Circuit has held that district courts "must

<207>An appropriate Order follows.

**BY THE COURT:**

*/s/* **C. Darnell Jones, II**
**C. DARNELL JONES, II, J.**

---

comply with the following requirements when issuing such prohibitive injunctive orders against pro se litigants." *Id.* First, the Court should not restrict a litigant from filing claims "absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Id.*; *see also Matter of Packer Ave. Assoc.*, 884 F.2d 745, 747 (3d Cir. 1989). Second, the Court "must give notice to the litigant to show cause why the proposed injunctive relief should not issue." *Brow*, 994 F.2d at 1038; *see also Gagliardi v. McWilliams*, 834 F.2d 81, 83 (3d Cir. 1987). Third, the scope of the injunctive order "must be narrowly tailored to fit the particular circumstances of the case before the [ ] Court." *Brow*, 944 F.2d at 1038; *see also Chipps v. United States Dist. Ct. for the Middle Dist. of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989).

The recitation of Kornafel's prior litigation history provides the basis for finding he has been an abusive litigant. The Order the Court enters herewith provides the notice required by *Brow*. The injunction, if entered, will be narrowly tailored to apply only to a new case where the factual basis is similar to those of Kornafel's prior, dismissed lawsuits.

<207>8</207>