## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STANLEY E. KORNAFEL, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-4991 |
| | : | |
| DEL CHEVROLET, *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

**JONES, J.**                                              **JANUARY 4,   2021**

*Pro se* Plaintiff Stanley E. Kornafel has filed a Response (ECF No. 7) to the Court's

Order directing him to show cause why a pre-filing injunction should not be imposed against him

based on his prior conduct of submitting repetitive baseless lawsuits about his purchase of a car

from Del Chevrolet and state court litigation relating to the car.  For the following reasons, the

Court will impose the pre-filing injunction.

As explained in the Court's December 14, 2020 Memorandum (ECF No. 5), this is the

third lawsuit Kornafel has filed in this Court about the same subject matter.  In his first lawsuit,

*Kornafel v. Del Chevrolet*, Civil Action Number 18-1419, Kornafel raised claims based on

allegedly unfair proceedings in state court regarding his dispute with Del Chevrolet and its

owner, Jack Delvecchio, over an allegedly defective car Kornafel purchased from the dealership

in 2015.  In an April 11, 2018 Memorandum and Order, the Court granted Kornafel leave to

proceed *in forma pauperis* and dismissed his complaint.  *Kornafel v. Del Chevrolet*, Civ. A. No.

18-1419, 2018 WL 1768048, at *1 (E.D. Pa. Apr. 11, 2018), *aff'd*, 734 F. App'x 175 (3d Cir.

2018).  The Court concluded that:  (1) to the extent Kornafel was challenging the state court's

final judgment, the Court lacked jurisdiction to review that judgment pursuant to the *Rooker-*

*Feldman* doctrine; (2) to the extent Kornafel brought claims under 42 U.S.C. § 1983, he did not

invoke the Court's jurisdiction because neither Del Chevrolet nor Delvecchio are state actors; and (3) to the extent Kornafel brought claims under state law, he had not pled a basis for jurisdiction under 28 U.S.C. § 1332(a).  *Id.* at *2-*3.  Kornafel appealed, and the United States Court of Appeals for the Third Circuit affirmed the Court's judgment of dismissal.  *Kornafel v. Del Chevrolet*, 734 F. App'x 175, 177 (3d Cir. 2018) (per curiam).

In his second lawsuit, *Kornafel v. Del Chevrolet*, Civil Action Number 19-2783, Kornafel sued Del Chevrolet and Judge James P. MacElree, II, essentially based on allegations that they conspired to deprive Kornafel of his rights in connection with the underlying state court litigation about the car, primarily because Judge MacElree granted summary judgment in favor of Del Chevrolet.  In a June 28, 2019 Memorandum and Order, the Court granted Kornafel leave to proceed *in forma pauperis* and dismissed his complaint.  *Kornafel v. Del Chevrolet*, Civ. A. No. 19-2783, 2019 WL 2764396, at *1 (E.D. Pa. June 28, 2019), *aff'd*, 788 F. App'x 895 (3d Cir. 2020).  The Court concluded that: (1) to the extent Kornafel was again challenging the state court's final judgment, the Court lacked jurisdiction to review that judgment pursuant to the *Rooker-Feldman* doctrine; (2) Kornafel's claims were to some extent malicious and barred by *res-judicata*; (3) Kornafel failed to allege an unconstitutional conspiracy, such that Del Chevrolet could not be considered a state actor for purposes of § 1983; (4) Judge MacElree was entitled to absolute immunity from Kornafel's claims; and (5) the Court could not discern any other basis for a plausible claim.  *Id.* at *2.  Kornafel appealed and the Third Circuit affirmed.  *Kornafel v. Del Chevrolet*, 788 F. App'x 895, 897 (3d Cir. 2020) (per curiam).

Prior to issuance of the Third Circuit's mandate, Kornafel filed a motion to reopen the judgment in his second case pursuant to Federal Rule of Civil Procedure 60(b).  In an October 6, 2020 Memorandum and Order, the Court denied the motion because Kornafel failed to establish

a basis for vacating the Court's judgment and, rather, mostly challenged the Court's legal conclusions. *See Kornafel v. Del Chevrolet*, Civ. A. No. 19-2783, 2020 WL 5909567, at *2 (E.D. Pa. Oct. 6, 2020).

The day before the Court denied his 60(b) motion, Kornafel filed the instant case, his third action concerning the state court litigation about his purchase of the car from Del Chevrolet and Delvecchio. (*See* ECF No. 1.)  Kornafel named as Defendants Del Chevrolet, Delvecchio and Judge McElree.  He titled his pleading "criminal complaint" and appeared to be claiming that he was deprived of his rights in the state court litigation in part because the Defendants conspired against him.  He also suggested that this Court incorrectly resolved his prior cases.  In a December 14, 2020 Memorandum and Order, the Court granted Kornafel leave to proceed *in forma pauperis* and dismissed his Complaint at the screening stage because: (1) there was no legal basis for the Court to direct the filing of criminal charges, if that was the relief Kornafel sought; (2) the *Rooker-Feldman* doctrine prohibited this Court from acting as an appellate court by reviewing and vacating the state court's judgment based on injuries caused by that judgment; (3) Kornafel's claims were malicious because they duplicated the claims he previously raised; (4) Kornafel failed to allege an unconstitutional conspiracy or adequately plead that Del Chevrolet or Delvecchio could be considered state actors; and (5) Judge MacElree was entitled to absolute judicial immunity from Kornafel's claims.  *See Kornafel v. Del Chevrolet*, Civ. A. No. 20-CV-4991, 2020 WL 7335467, at *2-*3 (E.D. Pa. Dec. 14, 2020).  In light of Kornafel's litigation history, the Court also "require[d] Kornafel to show cause why he should not be enjoined from filing further lawsuits against Del Chevrolet, Delvecchio, or Judge MacElree raising claims based on the car he purchased in 2015 and related state court litigation about the car." *Id.* at *4.

Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), a district court may enjoin "abusive, groundless, and vexatious litigation." *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993); *see also In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982). The "broad scope" of this power is limited by "two fundamental tenets of our legal system — the litigant's rights to due process and access to the courts." *Brow*, 994 F.2d at 1038. The Third Circuit has held that district courts "must comply with the following requirements when issuing such prohibitive injunctive orders against pro se litigants." *Id.* First, the Court should not restrict a litigant from filing claims "absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Id.*; *see also Matter of Packer Ave. Assoc.*, 884 F.2d 745, 747 (3d Cir. 1989). Second, the Court "must give notice to the litigant to show cause why the proposed injunctive relief should not issue." *Brow*, 994 F.2d at 1038; *see also Gagliardi v. McWilliams*, 834 F.2d 81, 83 (3d Cir. 1987). Third, the scope of the injunctive order "must be narrowly tailored to fit the particular circumstances of the case before the [ ] Court." *Brow*, 944 F.2d at 1038; *see also Chipps v. United States Dist. Ct. for the Middle Dist. of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989).

The recitation of Kornafel's prior litigation history here, provides the basis for finding he has been an abusive litigant. Kornafel's response to the Court's Order essentially attempts to relitigate the merits of his state case and his federal claims based on his state case. (ECF No. 7.) The Response further suggests that, absent an injunction, Kornafel will continue to repeatedly pursue claims that have already been resolved and rejected.

Having warned Kornafel that further instances of maliciously filing the same case would result in the imposition of a pre-filing injunction, and having provided him the notice and opportunity to respond required by *Brow*, the attached Order enjoins Kornafel from filing any

further civil actions against Del Chevrolet, Delvecchio, or Judge MacElree raising claims based on the car he purchased in 2015 and related state court litigation about the car.  This injunction is narrowly tailored to prohibit additional filings raising claims about the same subject matter at issue in *Kornafel v. Del Chevrolet*, Civil Action Number 18-1419, *Kornafel v. Del Chevrolet*, Civil Action Number 19-2783, and the instant matter, *Kornafel v. Del Chevrolet*, Civil Action Number 20-4991.  An appropriate Order follows.

**BY THE COURT:**

**/s/ C. Darnell Jones, II**
**C. Darnell Jones, II   J.**